Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-114-HRW

ALGIE MCCRARY                                                                PLAINTIFF

VS:                       **MEMORANDUM OPINION AND ORDER**

MS. CATHRYN A. WYATT, ET AL.                                         DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Algie McCrary, an individual currently in the custody of the Federal Bureau of Prisons ("BOP"), and confined in the Federal Correctional Institution, in Ashland, Kentucky, has submitted a *pro se* prisoner civil rights action, presumably pursuant to 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). The complaint was accompanied by a Motion to Proceed *in forma pauperis*, which will be granted by separate Order.

The complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As McCrary is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations

in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that the Defendants have interfered with his incoming and outgoing mail (1) in retaliation for his continuing preparation to file lawsuit about his medical treatment, (2) in contravention of the BOP's own policy with regard to special mail, and (3) in violation of his civil rights.

## DEFENDANTS

As the Defendants, the Plaintiff names FCI-Ashland's (1) Cathryn A. Wyatt, (2) his counselor, Todd Gibson, and (3) Unit Officer Bishop; he also names United States Postal Service Employees (4) Mary F. Morrison and (5) L.S. Hayner.

## RELIEF REQUESTED

McCrary seeks certain declarations, injunctive relief, and damages.

## FACTUAL ALLEGATIONS

Plaintiff has submitted a self-styled typewritten complaint, to which he has attached several group exhibits. The following is a summary or constructions of his allegations therein.

2

Plaintiff begins with a description of the BOP systems for handling incoming mail to prisoners and outgoing mail from prisoners. McCrary then claims that there have been several certified letters which he sent via the prison mail room but were not delivered to the addressee. To find out why, his first actions were to first launched inquiries with the United States Postal Service ("USPS").

Plaintiff's complaints about the mail evidently started in the Spring of 2007, and concerned two certified letters which he sent in April and one in July. He focuses on the July certified letter, # 7007 0710 0002 8370 1443, which he mailed to the National Action Network, 52 East 125th Street, New York, N.Y. 10035, on July 8th. It was returned by the USPS as not deliverable. McCrary states that this was not the first letter to have been sent to this address, but it was the first to have been returned opened and with the notation that it could not be delivered.

Defendant Hayner is the USPS employee who responded to the Plaintiff's inquiries about these mailings. In his letter of August 9, 2007, attached to the complaint, Hayner explains that the July 8th certified letter was delivered, but it was not picked up by the addressee after 15 days. Per USPS policy, the mail was then returned to the sender, *i.e.*, Plaintiff, marked "Undeliverable as addressed." He suggests that McCrary contact New York to see why it was not claimed by the addressee.

McCrary next tells of two certified letters which he mailed on August 13, 2007.

3

Both were addressed to WSB Channel 2 ABC, 1601 W. Peachtree Street, Atlanta, GA 30309. One of these, No. 7005 2110 0003 8813 5104, was delivered, but the other was not, # 7005 3110 0003 8813 5081. McCrary evidently complained to the USPS about these letters also, as he attaches the response from Defendant Morrison.

In her response to the Plaintiff, dated September 19th, Morrison explains that she can do nothing about his inquiries without the certified numbers and suggests that he ask in the prison mail room for the receipts in order to obtain the numbers. McCrary claims that in her response, she said that # 7005 3110 0003 8813 5081 "never left FCI Ashland." A few days later, on September 25, 2007, Plaintiff wrote an Inmate Request to BOP Defendant Wyatt, in the mail room, about this incident. The next day, she responded about the mail system and admitted the possibility of inadvertent loss.

Plaintiff's third claim concerns an incident purportedly occurring on August 6, 2007, when his BOP Unit Manager, Defendant Bishop, looked through a manila envelope of McCrary's and pulled out two pieces of special mail, which were both in their original envelopes clearly marked as legal mail, to be opened only in the presence of the inmate. McCrary alleges that after he had received both of these and other confidential documents, he had placed them in the manila envelope on which he wrote "Legal Mail." After Defendant Bishop pulled out the two pieces of legal mail, he purportedly re-opened the envelopes and read the contents.

4

The Plaintiff claims to have challenged Bishop at the time, complaining that these were legal mail which could not be read, only scanned, under BOP policy for special mail. Bishop purportedly then called "the Lt. and Ms Wilson in records," who returned the documents to the Plaintiff, back in the manila envelope.

McCrary attaches a copy of the August 7, 2007, grievance which he wrote about Bishop's actions. In the response dated August 9, 2007, McCrary's counselor, Defendant Gibson, states that he consulted with Wyatt, in records, who confirmed that "it is not considered Legal Mail when you fill a manila envelope up with documents and write in your own handwriting 'Legal Mail' on it." Additionally, the Unit Manager, who is not a named Defendant herein, writes on the response that there was no violation of BOP policy, because staff may search personal property and can scan legal material while searching for contraband.

In his complaint, the Plaintiff counters the BOP's response with the argument that other prisoners who had substantial legal mail but not enough to warrant a separate locker "could use boxes and mark 'legal mail' on it and the officer would only look inside it, but not read it. Is Mr. McCrary any different in using a plain envelope to hold all his legal mail together?" Further, he alleges that the motivation for the violation of his rights is harassment: "Everyone knows that Mr. McCrary has been building a law suit against FCI Ashland Medical Dept. and the warden."

5

## DISCUSSION

To state a claim that is cognizable as an action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), a plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

The Court finds no claim stated against the USPS Defendants herein. Neither Morrison nor Hayner are alleged to have violated the Plaintiff's legal rights, nor does McCrary's presentation of facts contain a description of any actions taken by them against him. The pleadings in this case have not set forth the Constitutional or factual basis of any claim in a manner that gives these Defendants proper notice and does not require either the USPS Defendants or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

"A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Conclusory statements that the Defendants violated his rights are insufficient to state a

cognizable *Bivens* claim against the named USPS defendants. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Therefore, Morrison and Hayner are entitled to dismissal from this lawsuit.

With regard to the Plaintiff's allegations against the named BOP Defendants, the Court begins with McCrary's complaints about his certified mailings. He does not name any mail room personnel as defendants, based on any suspected wrong-doing with respect to this mail. Nor does he describe any involvement on the part of Defendants Wyatt, Gibson, or Bishop, with regard to the certified mail problems. Nor does it appear that he pursued his complaints about the certified mail problems through the BOP's administrative remedy appeals. The certified mail claims will be dismissed.

The remaining claim is the Plaintiff's assertion that Defendants Wyatt, Gibson, and Bishop violated his rights in how they handled his properly marked legal mail. Documents which were exchanged in the BOP's administrative remedy process and have been attached to the instant complaint show that with regard to his legal mail's being read by Bishop, McCrary pursued this claim to all levels of appeal in the BOP's administrative scheme.

There is a dispute, however, as to whether the Plaintiff properly exhausted the administrative remedies as to this issue. The BOP's position in Administrative Remedy No. 467341 was that McCrary did not file a BP-9 to the warden, thereby not being

7

entitled to go to the two appeal levels outside the institution and thereby not exhausting this claim. The Plaintiff claims that he did submit a BP-9, sending it through the prison system on August 16, 2007, and when he did not get a response, he proceeded to appeal the non-response as a denial, with a copy of the BP-9 attached, consistent with BOP policy; additionally, because the BOP claimed not to have the BP-9, McCrary apparently tried to recreate the contents, but the upper levels of the administrative system would not address the merits of his appeal, because of the lack of the BP-9.

Since Congress enacted the Prison Litigation Reform Act of 1996 ("PLRA"), state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). Moreover, exhaustion means "proper exhaustion," which demands compliance with prison procedural rules, *i.e.*, according to the terms and the time limits set by BOP regulations. *See Woodford v. Ngo*, --- U.S. ----, ----, 126 S. Ct. 2378, 2387-88 (2006). Claims that have not been properly exhausted cannot be brought in federal court. *Id.* at 2382.

The Court finds that it is premature to address the instant exhaustion issue today, however. *See Jones v. Bock*, ---- U.S. ----, 127 S.Ct. 910 (January 22, 2007). It is also premature to consider the Plaintiff's professed need for counsel, as his motion for Court-

8

appointed counsel is grounded in purported complex issues and handling of witnesses' testimony, neither of which may arise herein.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) The following are **DISMISSED**, *sua sponte*, without prejudice: (a) Plaintiff's claims regarding certified mail sent on July 8, 2007 and August 13, 2007; and (b) Defendants Mary F. Morrison and L.S. Hayner.

(2) The Clerk in the divisional office in which the case lies shall prepare and issue summons for the following FCI-Ashland staff members: Cathryn A. Wyatt, Todd Gibson, and Officer Bishop, in their official and individual capacities; in addition to the summonses, the Clerk shall make 2 sets of copies of the summonses and mark one set to be served on the United States Attorney General and one set to be served on the United States Attorney for the Eastern District of Kentucky.

(3) The Divisional Clerk shall also prepare as many copies of the complaint as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Divisional Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(5) The Divisional Clerk shall enter the certified mail receipt into the instant record.

(6) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant for whom a summons has been prepared and shall serve copies of the documents on the United States Attorney General, in Washington, D.C. and on the United States Attorney for the Eastern District of Kentucky, in Lexington, Kentucky, all service to be made by certified mail, return receipt requested.

(7) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8) The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9) For every further pleading or other document he wishes to submit for

consideration by the court, Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(10)  Plaintiff's Motion for Appointment of Counsel [Record No. 4] is **DENIED**, without prejudice.

This  4  day of January, 2008.

                                              HENRY R. WILHOIT, JR.
                                              SENIOR U.S. DISTRICT JUDGE