NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-114-HRW

ALGIE MCCRARY                                                                                                PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

MS. CATHRYN A. WYATT, ET AL.                                                                DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on Defendants' Motion to Dismiss [Record No. 14], which is ripe for decision.

This is a federal prisoner's *pro se* civil rights case. On January 8, 2008, the Court granted McCreary permission to proceed *in forma pauperis* and screened his complaint, wherein Plaintiff alleged that persons were interfering with his in-coming and out-going mail at the Federal Correctional Institution, in Ashland, Kentucky. In a Memorandum Opinion and Order of the same date, the Court summarized his allegations, dismissed two named Defendants for failure to state a claim, and directed the Clerk of the Court to issue summons for the remaining three Defendants, all personnel at the Ashland facility.

On March 13, 2008, the Defendants, by counsel, responded to the Complaint with the current Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b), and an attached supporting Memorandum. They urge two grounds for Dismissal, the Plaintiff's purported failure to exhaust the Bureau of Prisons' ("BOP") administrative remedies prior to filing suit and their entitlement to qualified immunity. By Order of March 19, 2008, the Court granted McCrary 30 days in which to file any response to the Motion.

Since that time, Plaintiff has been transferred away from the Ashland prison; he has been tardy in keeping the Clerk of the Court abreast of his new address(es); and he has submitted letters, not pleadings with a proper certificate of service. Most importantly, McCrary has asked for and been granted enlargements of time in which to file a response to the Defendants Motion. On June 2, 2008, the Court granted Plaintiff 50 days in which to do so, and the Court has maintained the end of July as the last deadline for Plaintiff's Response. That deadline has now passed.

## DISCUSSION

The Court begins consideration of the Defendants' Motion with an examination of their primary defense, Plaintiff's purported failure to exhaust the BOP administrative remedy process.

Since Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), federal law requires that state and federal prisoners bringing actions concerning prison conditions and other matters incident to prison life, satisfy a pre-condition prior to filing a lawsuit in federal court. Effective April 26, 1996, the amended statute provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a)(2000). Moreover, exhaustion means "proper exhaustion," which demands compliance with prison procedural rules, *i.e.*, according to the terms and the time limits set by BOP regulations. *See Woodford v. Ngo*, --- U.S. ----, ----, 126 S. Ct. 2378, 2387-88 (2006). Claims that have not been properly exhausted cannot be brought in federal court. *Id.* at 2382.

The Defendants describe the BOP administrative scheme as "a three level administrative remedy process . . . initiated by the inmate when attempts at informal resolution are not to the inmate's satisfaction." Record No. 14. The regulations are found at 28 C.F.R. §§ 542.10-542.19

(2000). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a).

If the inmate is not satisfied with the Warden's response, he may appeal (BP-230, formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid-Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is still not satisfied, he or she may appeal to the Office of General Counsel of the BOP on a BP-231, formerly BP-11. *See* § 542.15 (a) - (b).

Attachments to the Defendants' Motion include a BOP attorney's declaration that BOP records indicate that "the Plaintiff has filed forty-seven (47) administrative remedies with the Federal Bureau of Prisons, and four (4) relate to the issued [sic] framed by the Court in this action." To support this, the attorney has attached a BOP print-out tracking McCrary's various administrative efforts and the BOP's response(s) over the years.

The entries on the print-out show that Remedy No. 467341 contained McCrary's complaint that a BOP officer took legal papers out of his locker and read them. Additionally, it confirms the Defendants' contention that this issue was not properly exhausted. The print-out shows that Plaintiff's forms were repeatedly rejected on the ground that Plaintiff had not filed a BP-9 with the warden before going to the higher levels of appeal. Moreover, Plaintiff's own exhibits attached to

the complaint confirm this as fact, as they are the BOP documents which McCrary received so informing him.

Remedy No. 469372 contained Plaintiff's request for the return of some legal paperwork purportedly taken from him. According to the BOP print-out, Plaintiff filed only one BOP form regarding this claim, before abandoning the effort. To the extent that Plaintiff's sole submission on this topic is included in the instant complaint about mailed documents, it is clearly not exhausted.

No allegation from the Plaintiff and no exhibit presented by him refutes the Defendants' affirmative defense that McCrary did not exhaust his administrative remedies with regard to the claims raised herein. Therefore, it is not necessary to look at the merits of Plaintiff's claims or the Defendants' other defense. Because Plaintiff failed to exhaust the BOP's administrative remedies, he has failed to satisfy a statutory pre-condition to suit, and this action must be dismissed.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Dismiss [Record No. 14], based on Plaintiff's failure to exhaust his administrative remedies, is **GRANTED**; and

(2) This action is **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This August 27, 2008.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

4